IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

LLOYD T. SCHUENKE,

                                                                              ORDER

                     Petitioner,

                                                      08-cv-680-bbc

     v.

CITY OF MILWAUKEE, CITY OF
MILWAUKEE 2nd DISTRICT CITY
POLICE SERGEANT CRAIG SARNOW,
CITY OF MILWAUKEE 2nd DISTRICT CITY
POLICE OFFICER MARK P. BELL and CITY
OF MILWAUKEE 6th DISTRICT POLICE SERGEANT
ALFREDDY D. YOUNG,

                   Respondents.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Petitioner Lloyd T. Schuenke, a prisoner at the Milwaukee County House of Corrections in Franklin, Wisconsin, has filed a proposed complaint. Because he has not paid the $350 filing fee, I conclude that he is requesting leave to proceed in forma pauperis. The request will be denied, because petitioner does not qualify for in forma pauperis status under 28 U.S.C. § 1915(g).

      Section 1915(g) reads as follows:

      In no event shall a prisoner bring a civil action or appeal a judgment in a civil

>action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

On at least three prior occasions, petitioner was denied leave to proceed in forma pauperis in lawsuits that were legally frivolous. Schuenke v. Wisconsin Dept. of Corrections., 96-C-748 (W.D. Wis. Sept. 30, 1996); Schuenke v. County of Milwaukee, 97-C-46 (W.D. Wis. Jan. 30, 1997); and Schuenke v. Dept. of Corrections., 98-C-95 (W.D. Wis. Mar. 23, 1998).

Moreover, petitioner's complaint does not allege facts from which an inference may be drawn that he is under imminent danger of serious physical injury. In his complaint, petitioner alleges that respondents City of Milwaukee Police Officers Sarnow, Bell and Young arrested him on August 28, 2008 for allegedly hitting his ex-girlfriend with his closed fists and kicking her in the face. Petitioner contends that the respondents were guilty of misconduct, mislabeled photographs and arrested him without probable cause. Petitioner was criminally charged with substantial battery while armed, habitual criminality, in the Milwaukee County Circuit Court and his probation was revoked.

In order to meet the imminent danger requirement of 28 U.S.C. § 1915(g), a petitioner must allege a physical injury that is imminent or occurring at the time the complaint is filed, and the threat or prison condition causing the physical injury must be real

2

and proximate. Ciarpaglini v. Saini, 352 F.3d 328, 330 (7th Cir. 2003) (citing Lewis v. Sullivan, 279 F.3d 526, 529 (7th Cir. 2002); Heimermann v. Litscher, 337 F.3d 781 (7th Cir. 2003)). Ordinarily, claims of physical injury arise in the context of lawsuits alleging Eighth Amendment violations. In this case, petitioner alleges that he was falsely arrested in the past but does not allege any ongoing violation of his rights. Further, petitioner does not allege that he is in imminent danger of any physical injury. Accordingly, petitioner's complaint is not a complaint requiring application of the exception to § 1915(g).

Because petitioner is disqualified from proceeding in forma pauperis under § 1915(g), he may choose to pursue this case as a paying litigant. If so, he must submit a check or money order made payable to the clerk of court in the amount of $350 and he must do so no later than November 5, 2008. If he does this, however, petitioner should be aware that the court will be required to screen his complaint under 28 U.S.C. § 1915A, and dismiss his case if the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief.

If petitioner does not pay the $350 filing fee by December 12, 2008, I will conclude that he does not want to pursue this action. In that event, the clerk of court is directed to close this file. However, even if the file is closed, petitioner will still owe the $350 filing fee and he must pay it as soon as he has the means to do so. Newlin v. Helman, 123 F.3d 429, 436-437 (7th Cir. 1997). I will advise the warden of the institution in which petitioner is

3

confined of his obligation to pay the fee so that if and when funds do exist in petitioner's account, the fee can be collected and sent to the court in accordance with 28 U.S.C. § 1915(b)(2).

ORDER

IT IS ORDERED that petitioner's request for leave to proceed in forma pauperis is DENIED because petitioner is ineligible for in forma pauperis status under 28 U.S.C. § 1915(g).

Further, IT IS ORDERED that petitioner may have until December 12, 2008, in which to submit a check or money order made payable to the clerk of court in the amount of $350. If, by December 12, 2008, petitioner fails to pay the fee, the clerk of court is directed to close this file. However, even in that event, the clerk of court is to insure that petitioner's obligation to pay the $350 fee for filing this case is reflected in this court's financial records.

Entered this 26th day of November, 2008.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge